IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-32-BO-1, 2

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    O R D E R |
| | ) |
| DEMETRIUS ROBINSON and DAQUAN | ) |
| PRIDGEN | ) |

This matter comes before the Court on defendants' pretrial motions. The government has responded in opposition to each of these motions, and all are ripe for disposition. A hearing was held before the undersigned on November 1, 2018 in Raleigh, North Carolina. For the following reasons, defendants' joint motion to dismiss [DE 92] is DENIED, defendant Pridgen's motion to sever [DE 86] is DENIED WITHOUT PREJUDICE, defendant Pridgen's motion to suppress evidence obtained in the cell phone search [DE 85] is DENIED, defendant Pridgen's motion to suppress statements he made to law enforcement officers [DE 88] is DENIED, and defendant Robinson's motion to suppress statements he made to law enforcement officers [DE 87] is DENIED. Defendant Robinson's oral motion to withdraw his motion to adopt defendant Pridgen's motion to suppress [DE 93] is GRANTED.

BACKGROUND

Defendants Demetrius Robinson and Daquan Pridgen are charged by way of indictment with armed bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113 and 2 (Count One); with discharging firearms in the commission of the bank robbery and aiding and abetting in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2 (Count Two); and with being felons in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) and 924 (Counts Three and Four). [DE 27]. All of the charges stem from a January 2018 robbery of a PNC Bank in Lumberton, North Carolina.

Following the Lumberton bank robbery, four masked individuals fled in a gray Saturn. [DE 85, p. 2]. Lumberton Police responded and tried to conduct a traffic stop on the suspect vehicle. *Id.* A chase ensued. *Id.* During the chase, the fleeing individuals fired multiple shots at the pursuing police vehicles, striking several. *Id.* The gray Saturn then stopped briefly at a mini mart. *Id.* One individual fled the car on foot while the remaining three continued the pursuit into neighboring Cumberland County. *Id.* Before the gray Saturn came to a final stop, another individual fled on foot, too. *Id.* Ultimately, the remaining two individuals left the car and fled into nearby woods. *Id.* Law enforcement conducted a cursory search of the gray Saturn at that time to confirm that no individuals remained. [DE 112]. Several hours later, police conducted a warrantless search of the gray Saturn and found—in addition to numerous firearms, shell casings, a mask, and gloves—a cellphone. [DE 85, p. 3]. At this time, the police had not apprehended any suspects or identified the fleeing individuals. [DE 112]. Investigators then conducted a warrantless search of the cell phone and reviewed text messages, contacts, and recently dialed phone numbers. [DE 85, p. 3]. Based on this information, investigators concluded that the phone belonged to defendant Pridgen and developed him as a suspect. *Id.*

On January 28, 2018, defendant Pridgen was arrested and taken to an interrogation room to be questioned by FBI Special Agents Rachelle Glenn and Tim Healy. [DE 88, p. 2]. Agent Healy provided Pridgen with his *Miranda* warnings. [DE 88, p. 3]. Pridgen nodded. *Id.* Agents asked Pridgen if he was comfortable acknowledging his rights. *Id.* Again, Pridgen nodded. *Id.* He was not given a waiver form. *Id.* Pridgen then made incriminating statements. *Id.*

On February 2, 2018, defendant Robinson was arrested in Charlotte, North Carolina for his alleged involvement in the Lumberton bank robbery. [DE 87, p. 1]. Robinson met with Agent Healy and, at that time, invoked his right to counsel. [DE 87, p. 1–2]. Robinson was then

2

transported to the Lumberton jail and did not make any statements to law enforcement. [DE 87, p. 2]. On February 6, Robinson was brought to the Robeson County courthouse and introduced to his court-appointed counsel. *Id.* Counsel persuaded Robinson to cooperate with law enforcement. *Id.* Robinson and his counsel then spoke with Agent Healy, another FBI agent, a Lumberton police detective, and a Robeson County investigator. *Id.* Then, on February 8, Agent Healy and another FBI agent transported Robinson from the Cumberland County jail to federal court in Raleigh. [DE 87, p. 2–3]. During the drive, Agent Healy provided Robinson with his *Miranda* rights and then interrogated him. [DE 87, p. 3]. Eventually, Robinson made incriminating statements related to the robbery of a South Carolina bank. [DE 87, p. 4].

Defendants have jointly moved to dismiss Count II of their respective indictments. [DE 92]. Additionally, Pridgen has moved to suppress evidence obtained in a search of his cell phone [DE 85], to suppress statements he made to law enforcement officers on January 28 [DE 88], and to sever his case from Robinson's case for trial [DE 86]. Robinson has moved to adopt Pridgen's motion to suppress evidence obtained in the cell phone search [DE 93] and to suppress statements he made to law enforcement officers on February 6 and February 8 [DE 87]. A hearing was held before the undersigned on all of these motions on November 1, 2018 in Raleigh, North Carolina.

## DISCUSSION

### I. Defendants' joint motion to dismiss is denied.

Defendants Robinson and Pridgen have jointly moved to dismiss Count Two of their respective indictments, arguing that armed bank robbery under 18 U.S.C. § 2113 is not a "crime of violence" as defined in 18 U.S.C. § 924(c)(3). In Count Two, defendants are charged with discharging firearms in the commission of a predicate felony—here, the Lumberton bank robbery. Under Section 924(c)(3), the government must prove that defendants (1) used or carried a firearm

3

(2) in relation to a "crime of violence." At issue is whether the Lumberton bank robbery qualifies as a crime of violence. A crime of violence is defined as "an offense that is a felony" and either (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). These two clauses, respectively, are known as the "force" and "residual" clauses.

The Fourth Circuit has determined that armed bank robbery is a crime of violence under the force clause of Section 924(c). *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016). The Fourth Circuit has also determined that, because armed bank robbery counts as a crime of violence under the force clause, armed bank robbery is not implicated by the Supreme Court's holdings on Section 924(e)'s residual clause in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See United States v. Polhill*, 681 F. App'x 292, 293 (4th Cir. 2017) ("We recently held that a conviction under 18 U.S.C. § 2113(a) is a crime of violence under the force clause of § 924(c)(3) . . . . Thus, Polhill's bank robbery conviction qualified as a predicate crime of violence for his § 924(c) conviction."). Defendants concede that *McNeal* is "contrary precedent" but argue that it should be overruled given changes to the Section 924(c)(3) landscape wrought by *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Defendants argue that armed bank robbery cannot be a crime of violence under the categorical approach required by *Johnson* and *Dimaya* because it can be committed by "intimidation," which does not require physical force. But the Fourth Circuit's holdings in *McNeal* and *Polhill* are clear: armed bank robbery is a crime of violence. Thus, defendants' joint motion to dismiss Count Two of their respective indictments is denied.

II. Defendant Pridgen's motion to sever is denied without prejudice.

Defendant Pridgen has moved to sever his case for trial from defendant Robinson's case, arguing that the government is likely to introduce Rule 404(b) evidence of a South Carolina robbery against defendant Robinson and that this evidence would be highly prejudicial to defendant Pridgen.

The Federal Rules of Criminal Procedure provide that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14. "To show entitlement to severance, the defendant must establish that actual prejudice would result from a joint trial, and not merely that a separate trial would offer a better chance of acquittal." *United States v. Blair*, 661 F.3d 755, 770 (4th Cir. 2011) (internal quotation marks and citation omitted). Three sources of prejudice would support severance under this rule: (1) where the evidence would confuse the jury such that it would convict a defendant where it would not have convicted had the evidence remained separated, (2) where the defendant is confounded in presenting defenses, and (3) where the jury may find the defendant guilty of one charge based on a perceived criminal disposition because it has determined he is guilty of the other. *United States v. Goldman*, 750 F.2d 1221, 1224 (4th Cir. 1984). The defendant bears the "burden of demonstrating a strong showing of prejudice." *Id.* at 1225.

The Court finds Pridgen's motion premature. Rule 404(b) requires that the government provide "reasonable notice of the general nature of any such evidence" that the government intends to use at trial. Fed. R. Evid. 404(b). The government has not yet provided Rule 404(b) notice of its intent to introduce evidence of the South Carolina robbery against Robinson at trial. At the November 1 hearing, the government noted that it is still considering whether to use evidence

5

related to the South Carolina robbery at trial. Thus, defendant Pridgen's motion is premature and denied without prejudice.

III. Defendant Pridgen's motion to suppress evidence obtained from his cell phone is denied.

At the outset, at the November 1 hearing, defendant Robinson orally moved to voluntarily withdrew his motion to adopt defendant Pridgen's motion to suppress information obtained in a search of a cell phone. [DE 112]. That oral motion to withdraw is granted.

Defendant Pridgen argues that law enforcement's warrantless search of his cell phone violated his Fourth Amendment rights, relying on the Supreme Court's decision in *Riley v. California*, 134 S. Ct. 2473 (2014). In response, the government argues first that the cell phone was abandoned and Pridgen no longer had an expectation of privacy in its contents and, second, that the search was justified by exigent circumstances.

In *Riley*, the Supreme Court held that "officers must generally secure a warrant before conducting [] a search" of data on a cell phone. *Riley*, 134 S. Ct. at 2485. But in all cases, a defendant raising a Fourth Amendment challenge must have standing to bring such a challenge, and this requires the defendant to have a reasonable expectation of privacy which was protected by the Fourth Amendment. "When a person voluntarily abandons his privacy interest in property, his subjective expectation of privacy becomes unreasonable, and he is precluded from seeking to suppress evidence seized from it." *United States v. Stevenson*, 396 F.3d 538, 546 (4th Cir. 2005). To determine whether property was abandoned, courts must consider "not whether all formal property rights have been relinquished, but whether the complaining party retains a reasonable expectation of privacy in the [property] alleged to be abandoned." *Id.* (quoting *United States v. Haynie*, 637 F.2d 227, 237 (4th Cir. 1980) (internal quotation marks omitted).

6

Pridgen left his cell phone in the gray Saturn when he fled police on foot. Pridgen did not return to claim his phone or demonstrate in any way his intent to do so. The Fourth Circuit has frequently held that items left behind by individuals fleeing from the police are abandoned and can be search without a warrant. *See, e.g., United States v. Hopkins*, 568 F. App'x 214, 216 (4th Cir. 2014) (car and its contents); *United States v. Simmons*, 437 F. App'x 215, 220 (4th Cir. 2011) (firearm). When Pridgen left his phone behind in his effort to flee from police, he abandoned the phone and relinquished any reasonable expectation of privacy he once had in it. As such, Pridgen lacks standing to raise a Fourth Amendment challenge to the warrantless search of the phone, and the Court need not consider whether the search was further justified by exigent circumstances. Thus, defendant Pridgen's motion to suppress evidence obtained from the cell phone is denied.

## IV. Defendant Pridgen's motion to suppress statements is denied.

Defendant Pridgen has moved to suppress statements that he made to law enforcement officers on January 28. Pridgen argues that the *Miranda* warnings he received were inadequate and that he did not waive his rights. The government responds that the warnings were sufficient.

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The procedural safeguards of *Miranda* are required when a suspect is in custody and is subjected to either express interrogation or its functional equivalent. *Rhode Island v. Innis*, 446 U.S. 291, 300–01 (1980). Here, neither party contests that Pridgen was in custody and that he was subjected to interrogation. The dispute revolves around whether the *Miranda* warnings were adequate.

There is no requirement that a *Miranda* waiver must be reduced to writing instead of being given verbally; instead, waiver "may be inferred from all the circumstances." *United States v. Hicks*, 748 F.2d 854, 859 (4th Cir. 1984). "[T]he accused must be adequately and effectively apprised of his rights and the exercise of those rights must be fully honored." *Missouri v. Seibert*, 542 U.S. 600, 608 (2004). The "failure to give the prescribed warnings and obtain a waiver of rights before custodial questioning generally requires exclusion of any statements obtained." *Id.* Fundamentally, *Miranda* requires that the accused be advised that he "has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him." *Miranda*, 384 U.S. at 479.

Pridgen argues that the *Miranda* warnings he received were defective because they did not adequately convey that anything he said could be used against him in court. FBI Agent Healy, who provided the warnings, told Pridgen that "what you say and what we discuss can be used in future court proceedings." [DE 88, p. 3]. Pridgen argues that this warning did not adequately convey that what he said could be used *against him*, rather than against other individuals as a result of his cooperation.

The Court is satisfied that this warning adequately conveyed to Pridgen his rights as required by *Miranda*. "The four warnings *Miranda* requires are variable" and courts do not mandate "the precise formulation of the warnings given a criminal defendant." *Florida v. Powell*, 559 U.S. 50, 60 (2010) (quoting *California v. Prysock*, 453 U.S. 355, 359 (1981) (per curiam)). To determine whether the warnings were adequately conveyed, "[t]he inquiry is simply whether the warnings reasonably conve[y] to [a suspect] his rights as required by *Miranda*." *Id.* (quoting *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989) (alterations in original)). While it is true that Agent

8

Healy did not specifically say that Pridgen's statements could be used *against him* in court, he supplied the broader warning that the statements could be used in court.

The Fourth Circuit's decision in *United States v. Frankson*, 83 F.3d 79 (4th Cir. 1996), is instructive. There, a law enforcement officer advised the suspect that "[a]nything you say, do, or write can be used against you." *Frankson*, 83 F.3d at 82. The defendant argued that this warning was inadequate because it did not specify that his statements could be used against him *in court*. The Fourth Circuit disagreed, finding that the "instruction unequivocally conveyed that *all* of Frankson's statements could be used against him anytime, anywhere, including a court of law, a broader warning than *Miranda* actually requires." *Id.* (emphasis in original). The Fourth Circuit said that *Miranda* does "not require that police officers provide highly particularized warnings," and that "[g]iven the common sense understanding that an unqualified statement lacks qualifications, all that police officers need do is convey the general rights enumerated in *Miranda*." *Id.* Here, as in *Frankson*, a broader, unqualified warning was supplied. Agent Healy's warning that Pridgen's statements could be used in court includes the common-sense understanding that they could be used *against Pridgen* in court. Thus, the warning reasonably conveyed the *Miranda* rights and defendant Pridgen's motion to suppress his subsequent statements on January 28 is denied.

V. Defendant Robinson's motion to suppress statements is denied.

Defendant Robinson has moved to suppress statements that he made to law enforcement officers on both February 6 and February 8. He argues that he is entitled to the suppression of his February 6 statements on the basis of constitutionally ineffective assistance of counsel. Robinson argues that he is entitled to suppression of his February 8 statements because law enforcement interrogated him outside the presence of counsel after he affirmatively invoked his right to counsel.

9

A. Defendant Robinson's February 6 statements should not be suppressed.

Robinson first argues that the statements he made on February 6 and all derivative statements and evidence should be suppressed on the grounds that his appointed counsel was constitutionally ineffective. Specifically, Robinson argues that his appointed counsel was ineffective in advising him to cooperate with law enforcement and confess to the armed robbery without "any protection for his statement" or an effort "to ensure that he would in fact get any benefit from his cooperation." [DE 87, p. 9–10].

The Sixth Amendment right to effective assistance of counsel attaches at the time "adversary judicial criminal proceedings" are initiated, "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, 406 U.S. 682, 689 (1972). Under *Strickland v. Washington*, 466 U.S. 668 (1984), defendant Robinson must show that counsel's performance was below the "prevailing professional norms" and that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.

Robinson argues that it was "clear at this point that this case had been adopted by the United States Attorney and would be federally prosecuted." [DE 87, p. 9]. He argues that his case "was a federal case on February 6, 2018" because FBI agents were present at the state courthouse and a federal warrant had been issued. *Id*. But this was not enough for defendant Robinson's Sixth Amendment right to attach. The Sixth Amendment right is "offense specific." *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). A Sixth Amendment right that attaches to a state prosecution does not apply to a federal prosecution, even one based on the same conduct. *United States v. Holness*, 706 F.3d 579, 590–91 (4th Cir. 2013). And the Fourth Circuit has clearly held that "the filing of a federal criminal complaint does not give rise to any Sixth Amendment rights." *United*

*States v. Alvarado*, 440 F.3d 191, 200 (4th Cir. 2006). No federal judicial proceedings had been initiated against Robinson at that time. There had been no formal charge, no preliminary hearing, no indictment, no criminal information, and no arraignment. Accordingly, Robinson's Sixth Amendment right had not attached prior to the questioning on February 6, and counsel could not have been ineffective as a result. The February 6 statements, therefore, should not be suppressed.

### B. Defendant Robinson's February 8 statements should not be suppressed.

Robinson next argues that the statements he made on February 8 should be suppressed because he had affirmatively invoked his right to counsel and law enforcement officers still initiated an interrogation outside the presence of counsel. The government does not dispute that Robinson invoked his right to counsel upon his arrest on February 2. The government also does not dispute that on February 8, Robinson was both in custody and subjected to interrogation. *See Innis*, 446 U.S. at 300–01. The dispute turns on whether Robinson waived his right to the presence of counsel by re-initiating communication with law enforcement on February 6. Here, upon consideration of the audio recordings submitted to the Court and the testimony of Agent Healy, the Court finds that Robinson did re-initiate communication with law enforcement and thereby waive his right.

Once an accused has invoked his right to counsel under *Miranda*, law enforcement is not permitted to interrogate him further "unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981). The Fourth Circuit has interpreted *Edwards* as creating a "'bright line rule that *all* questioning must cease' when an accused asserts his right to counsel." *United States v. Johnson*, 400 F.3d 187, 195 (4th Cir. 2005) (quoting *Smith v. Illinois*, 469 U.S. 91, 98 (1984) (emphasis in original)). "If police initiate subsequent questioning, any statement by the suspect is presumed involuntary and

is, accordingly, inadmissible at trial." *Id.* (citing *Smith*, 469 U.S. at 95). "The purpose of the rule formulated in *Edwards* is to prevent police 'badgering or overreaching.'" *Id.* at 193–94 (citing *Smith*, 469 U.S. at 98).

On February 6, Robinson re-initiated contact with law enforcement. At the 13:30 mark of the audio recording from that meeting, Robinson says to Agent Healy, "can I speak with you for a second?" [DE 90]. Agent Healy agrees, and then clarifies, "just me?" *Id.* Defendant says yes. *Id.* Healy asks if Robinson would like to step out of the room or if he would prefer that the other law enforcement officers leave the room. *Id.* Robinson says that he and Agent Healy can step out, and they do so. *Id.* In the hallway, Robinson asks Agent Healy about the benefits of cooperation, and Agent Healy explains. *Id.* Robinson then asks when his last chance to talk with Agent Healy will be, and Agent Healy mentions that he will drive Robinson to Raleigh on February 8 and Robinson will have the opportunity to talk then. *Id.* The conversation continues in the hallway for a few more minutes before Robinson and Agent Healy rejoin the others in the room and the meeting continues. *Id.*

Robinson's conduct on February 6, re-initiating contact with law enforcement despite his counsel's presence, permitted Agent Healy to resume questioning Robinson two days later. In *Wyrick v. Fields*, 459 U.S. 42 (1982), the Supreme Court refused to suppress statements made by a defendant who had waived his right to have counsel present when he asked to take a polygraph test. Like the defendant in *Wyrick*, Robinson re-initiated contact with law enforcement on February 6 and thereby waived the right to have counsel present during the February 8 questioning. Thus, defendant Robinson's February 8 statements should not be suppressed, and the motion to suppress is denied.

## CONCLUSION

For the above reasons, defendants' joint motion to dismiss [DE 92] is DENIED, defendant Pridgen's motion to sever [DE 86] is DENIED WITHOUT PREJUDICE, defendant Pridgen's motion to suppress evidence obtained in the cell phone search [DE 85] is DENIED, defendant Pridgen's motion to suppress statements he made to law enforcement officers [DE 88] is DENIED, and defendant Robinson's motion to suppress statements he made to law enforcement officers [DE 87] is DENIED. Defendant Robinson's oral motion to withdraw his motion to adopt defendant Pridgen's motion to suppress [DE 93] is GRANTED.

SO ORDERED, this 9 day of November, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE