**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4943

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

DEMETRIS SEAN ROBINSON, a/k/a Bo Bo,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:18-cr-00032-BO-1)

Submitted: May 19, 2021                            Decided: June 15, 2021

Before RICHARDSON and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua B. Howard, GAMMON, HOWARD & ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May Parker, Assistant United States Attorney, Erin C. Blondel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In February 2018, a federal grand jury returned a five-count indictment charging Demetris Sean Robinson and three other men with armed bank robbery, and aiding and abetting, in violation of 18 U.S.C. § 2113(a), (d), (e), and 18 U.S.C. § 2 (Count 1).  The indictment specifically alleged that the men robbed the PNC Bank in Lumberton, North Carolina.  The grand jury further charged the defendants with using, carrying, and possessing a firearm in furtherance of the robbery, and aiding and abetting, and alleged that the firearm(s) were discharged, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 2 (Count 2 or the "§ 924(c) count").  Finally, Robinson was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (Count 3).

Robinson proceeded to trial at which two of his codefendants testified for the prosecution.  These men both detailed the plan to rob a bank; Robinson's role in orchestrating the robbery, which included securing the high-quality masks the men wore and the firearms they used; the events the day of the robbery; and the defendants' flight from the crime scene, which included a protracted, high-speed chase during which Robinson exchanged gunfire with multiple police officers.  This testimony clearly established that Robinson was the lone shooter and that his actions—which included twice directing the driver to stop so he could retrieve more powerful weapons from the trunk— were designed to stop the police from apprehending the defendants.  The parties entered several factual stipulations, including, in relevant part, that the PNC Bank was located in Lumberton, North Carolina.

The jury convicted Robinson of all three counts and made a special finding that a firearm was in fact discharged during the course of Count 2. The district court sentenced Robinson to concurrent life sentences on Counts 1 and 3 and a 120-month consecutive sentence on Count 2, as well as a 5-year term of supervised release.

On appeal, Robinson asserts that the district court erred in denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal on the basis of the Government's failure to establish venue and challenges the procedural reasonableness of his sentence. We affirm.

I.

With regard to his convictions, Robinson contends that the district court erred in denying his Rule 29 motion based on the alleged insufficiency of the Government's evidence establishing venue. Robinson advances that the jury had "no basis to understand the relevant places are within the relevant district" and thus contends that his convictions should be reversed because the jury "could not have made the required finding by any standard of proof." (Appellant's Br. (ECF No. 35) at 14). Robinson acknowledges that the court took judicial notice that the armed robbery occurred within the judicial district, but notes that the court did so outside of the jury's presence and did not instruct or advise the jury of taking judicial notice of this fact.

However, a district court errs in failing to instruct a jury regarding venue only "if there is a genuine issue of material fact with regard to proper venue." *United States v. Engle*, 676 F.3d 405, 413 (4th Cir. 2012) (internal quotation marks omitted). When proof of venue is so clear—i.e., when proof of venue is "ample, strong, overwhelming, and not contradicted"—the district court's failure to tender the venue issue to the jury is deemed

3

harmless error. *United States v. Taylor*, 784 F. App'x 145, 152 (4th Cir. 2019) (argued but unpublished) (internal quotation marks omitted); *accord United States v. Moran-Garcia*, 966 F.3d 966, 970 (9th Cir. 2020) ("[W]hen a court has failed to give a venue instruction to the jury, that error will be viewed as harmless if the evidence viewed rationally by a jury could only support a conclusion that venue existed." (internal quotation marks omitted)).

There is no room to question the propriety of the court's venue in this case. In conformity with the indictment, witness testimony and the parties' stipulation more than established that the PNC Bank was located in Lumberton, North Carolina. It is an established geographic fact that the City of Lumberton is in Robeson County, North Carolina, which is part of the Southern Division of the Eastern District of North Carolina. *See* U.S. District Court, Eastern District of North Carolina, *County List*, http://www.nced.uscourts.gov/counties/ (last visited May 17, 2021). The district court was free to take judicial notice of this undisputed, objectively established geographic fact,[1] and there was no obligation, under Fed. R. Evid. 201(f), to charge the jury with deciding whether to accept this judicially noticed fact. Finally, we observe that Fed. R. Evid. 201(d) specifically allows for judicial notice to be taken "at any stage of the proceeding," and Robinson points us to no authority supporting his view that the court was obligated to take judicial notice only in the presence of the jury. Accordingly, we reject Robinson's attempt to invalidate his convictions on venue grounds.

---

[1] The trial court "may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction." Fed. R. Evid. 201(b)(1).

4

II.

Robinson's remaining arguments pertain to the reasonableness of his sentence. Specifically, Robinson (a) assigns reversible procedural error to the district court's application of the six-level "official victim" enhancement under U.S. Sentencing Guidelines Manual § 3A1.2(c)(1) (2018); and (b) contends that the court failed to address Robinson's arguments in support of a downward variance or to explain the reasons for the selected sentence in terms of the 18 U.S.C. § 3553(a) sentencing factors.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). We must first determine whether the district court committed procedural error, such as improperly calculating the Guidelines range, insufficiently considering the § 3553(a) factors, relying on clearly erroneous facts, or inadequately explaining the sentence imposed. *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015). If we find no significant procedural error, we must then consider the substantive reasonableness of the sentence. *Id*. at 112.

"In assessing the district court's calculation of the Guidelines range, we review its legal conclusions de novo and its factual findings for clear error." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014). The Government must show by a preponderance of the evidence that a Guidelines enhancement applies. *United States v. Blauvelt*, 638 F.3d 281, 293 (4th Cir. 2011).

5

Pursuant to USSG § 3A1.2(c), a defendant qualifies for a six-level enhancement if, knowing or having reasonable cause to believe that a person is a law enforcement officer, he assaults the officer in a manner creating a substantial risk of serious bodily injury during the course of an offense or during immediate flight from the offense. USSG § 3A1.2(c)(1). Under the Guidelines, such conduct amounts to aggravated assault, USSG § 3A1.2 cmt. n.4(A), which is defined, in relevant part, as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; . . . or (D) an intent to commit another felony," USSG § 2A2.2 cmt. n.1.

Robinson does not contest the factual applicability of this enhancement. Instead, he argues that applying the enhancement amounts to impermissible double counting because Robinson was already punished for the same conduct—to wit: discharging a firearm—by virtue of the mandatory consecutive sentence on the § 924(c) count.

We disagree. The enhancement applied because, in discharging firearms during their flight from the police, Robinson assaulted individuals known to him to be police officers. Thus, the enhancement is keyed to the victims' status as police officers. This is clearly distinct from the factual basis for the § 924(c) count, which only required more general proof that Robinson discharged the firearm in furtherance of a crime of violence. Because this victim-related adjustment applied on the basis of a specific consideration that was not already accounted for under the § 924(c) conviction, there was no impermissible

6

double counting. *Accord United States v. Thompson*, 515 F.3d 556, 562-63 (6th Cir. 2008), *abrogated on other grounds by Alleyne v. United States*, 570 U.S. 99 (2013).[2]

Lastly, Robinson contends that the district court procedurally erred in failing to address his arguments for a lower sentence or analyze the § 3553(a) sentencing factors. Robinson relatedly suggests that the record contradicts the few case specifics identified at sentencing, most of which pertained to Robinson's role in the robbery.

Taking the latter component of this claim first, the record belies Robinson's contention that the court erroneously considered Robinson to be more culpable than his codefendants because he was heavily involved in planning and executing the robbery. The trial testimony clearly established that Robinson took several significant steps necessary to complete the robbery. Specifically, Robinson recruited two of his codefendants; Robinson procured the expensive, high-quality masks worn by the men; Robinson stockpiled the weapons used during the robbery; Robinson and one other codefendant devised the plan; and, finally, it was Robinson who engaged the police in a protracted shoot out. Upon review, the record more than supports the district court's view that Robinson was a leader in committing this crime.

---

[2] In *Thompson*, the Sixth Circuit denied the defendant's claim that his enhancement under § 3A1.2—which was imposed based on the fact that his codefendant fired on police officers—constituted impermissible "double counting" of the same activity underlying his § 924(c)(1)(A)(iii) conviction. 515 F.3d at 562-63. The Sixth Circuit held that this was not a case where "precisely the same aspect of a defendant's conduct" affected his sentence in two separate ways, as the defendant's conduct that supported the enhancement was not a factor of the crime set forth in his firearm conviction. *Id*. at 563 (citing *United States v. Sloley*, 19 F.3d 149, 154 (4th Cir. 1994)).

Turning then to the adequacy of the court's explanation and evaluation of the § 3553(a) sentencing factors, "[a] district court is required to provide 'an individualized assessment' based on the facts before the court, and to explain adequately the sentence imposed 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 50). "When a defendant presents non-frivolous reasons for imposing a different sentence, the district court 'must address or consider' them and explain why it has rejected them." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). "The adequacy of the sentencing court's explanation depends on the complexity of each case." *Blue*, 877 F.3d at 518. "[R]eview of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence," as we also consider "the full context, including the give-and-take of a sentencing hearing." *United States v. Nance*, 957 F.3d 204, 213 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020).

Evaluated against this backdrop, we hold that the district court satisfied its duty to respond to the arguments proffered by the defense through its discourse with the prosecutor, which focused on Robinson's role in planning and committing the robbery, as well as his actions while fleeing from the police. This dialogue likewise elucidates the court's reasoning for the selected sentence, which was within Robinson's Guidelines range as calculated at sentencing.[3] Finally, we observe that Robinson's arguments for a

---

[3] Specifically, with the six-level enhancement under USSG § 3A1.2(c)(1), Robinson's total adjusted offense level was 43. This, coupled with Robinson's placement in Criminal History Category IV, resulted in an advisory Guidelines range of life in prison (Continued)

downward variance were relatively weak, especially when compared to his violent, egregious, and deliberate criminal conduct, which is particularly relevant under 18 U.S.C. § 3553(a)(1), (a)(2)(A). Accordingly, we reject this aspect of Robinson's challenge to the procedural reasonableness of his sentence.

III.

In light of the foregoing, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

for Counts 1 and 3, which were grouped. The sentencing range for the § 924(c) count was a mandatory minimum ten years, consecutive.